UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NATHANIEL SIMMONS III and WANDA SIMMONS** | * | CIVIL ACTION |
| | * | NO. |
| **VERSUS** | | |
| | * | SECTION |
| **DAVID SMITH, SWANSON TRUCKING, INC., and NORTHLAND INSURANCE COMPANY** | * | JUDGE |
| | * | MAGISTRATE |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come the defendants, Swanson Trucking, Inc. and Northland Insurance Company, who file this Notice of Removal and request that this cause of action, which is pending in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, No. 77224 Div. A, be removed to the United States District Court for the Eastern District of Louisiana, on the basis of diversity of citizenship and the potential that the plaintiffs' claims may exceed the threshold amount of $75,000.00.

I.

On October 12, 2021, plaintiffs filed a Petition for Damages against David Smith, Swanson Trucking, Inc., and their liability insurance carrier, Northland Insurance Company, as a result of alleged injuries Nathaniel Simmons suffered in an incident that occurred on November 9, 2020. Plaintiff Wanda Simmons, the spouse of Nathaniel, is alleging loss of consortium. Plaintiffs allege that defendant David Smith is liable because the vehicle he was operating, struck a trailer attached to plaintiff Nathanial Simmons's vehicle on the date in question. Plaintiffs allege that Swanson Trucking is liable as the employer of defendant Smith. They allege that

Northland Insurance Company was the insurance carrier for defendant Smith and Swanson Trucking  (*see* Exhibit A: Petition for Damages.)

II.

Nathaniel and Wanda Simmons, are citizens of the State of Louisiana. Defendant, David Smith, is a citizen of the State of Illinois. Swanson Trucking, Inc., was incorporated in Springfield, Illinois, and its principal place of business is Ohio, Illinois. Defendants distinctly and affirmatively allege that Swanson Trucking is therefore a citizen of the State of Illinois. Northland Insurance Company was incorporated in Hartford, Connecticut, and its principal place of business is St. Paul, Minnesota. Defendants distinctly and affirmatively allege that Northland Insurance is therefore a citizen of the State of Connecticut and a citizen of the State of Minnesota.

III.

Process of the original petition was served upon Northland Insurance Company through the Louisiana Secretary of State on October 28, 2021 (*see* Exhibit B: Process Service.) Process was requested via Louisiana long-arm statute upon David Smith and Swanson Trucking. An Affidavit of Long-Arm Service on Swanson Trucking was filed into the state court record on December 28, 2021 (*see* Exhibit C: Affidavit); however, no Affidavit of Long-Arm Service has been filed in order to establish service on David Smith. When service on David Smith is perfected, he will be represented by undersigned counsel. All served defendants and Mr. Smith consent to this removal as required pursuant to 28 USC 1446(b)(2)(A). Gillis v. Louisiana, 294 F3d 755 (5 Cir 2002).

IV.

Initially, the accident in question was believed to be minor, as it consisted of a very low impact collision (5 mph) with insignificant property damage and no traffic citations were issued to any of the drivers. No medical records were provided to the Northland Insurance claims adjuster. Although plaintiffs did allege in their lawsuit that Mr. Simmons was suffering from injuries to his head, cervical spine, thoracic spine and lumbar spine with continuing and prolonged pain and suffering, future pain and suffering, and medical expenses, as well as Mrs. Simmons's loss of consortium claim, it was not until January 25, 2022, that defendants learned that plaintiffs' claims may exceed the threshold amount of $75,000.00 (*see* Exhibit D: Plaintiffs Excerpted Discovery Responses.)

V.

On January 25, 2022, undersigned counsel spoke to plaintiffs' counsel who notified her that Mr. Simmons continued to treat and was to receive a *second* series of epidural steroid injections. On January 26, 2022, undersigned counsel then received plaintiffs' discovery responses. The responses include medical records reflecting that Mr. Simmons had been treating at LA Health Solutions for nearly a year following the accident with no significant improvement to his neck and low back. In April 2021, cervical and lumbar MRIs indicated disc herniations at C3-4, C4-5, and spondylosis with annular bulging at C4-6, as well as annular bulging with midline annular fissure at L2-3, annular bulging with facet hypertrophy at L3-4, disc herniation at L4-5 and disc bulge with facet hypertrophy at L5-S1. As a result, Mr. Simmons was referred to a neurosurgeon and a pain management specialist. On October 18, 2021, Dr. Royster performed a C6-7 interlaminar epidural steroid injection followed by a L4-5 interlaminar

epidural steroid injection on November 1, 2021 (*see* Exhibit D: Plaintiffs Excerpted Discovery Responses, at pp. 3, 9-10, 21-35, 46-47, 54-57, 59, 62-63, 69, and 71-82.)

VI.

Given Mr. Simmons's continuing treatment more than a year following the incident and the injections performed by Dr. Royster, defendants believe that the plaintiffs' alleged injuries may exceed the threshold amount of $75,000.00.

VII.

As a result, this Honorable Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 in that the plaintiffs and the properly joined defendants are diverse, and the amount in controversy exceeds $75,000.00.

VIII.

This action is removable pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action brought in a State court on which the district courts of the United States have original jurisdiction.

IX.

The Notice of Removal is being filed within thirty (30) days of the receipt by petitioners of papers from which they ascertained that the case has become removable in accordance with 28 U.S.C. § 1446(b).

X.

Petitioners will promptly serve written notice of the filing of this Notice of Removal on the plaintiffs and a copy of this Notice for Removal will be filed with the Clerk of 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana.

**WHEREFORE**, defendants, Swanson Trucking, Inc. and Northland Insurance Company, pray for removal of the above numbered and entitled cause of action from 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, to this, United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**MARICLE & ASSOCIATES**

 /s/ Barbara Malik
**BARBARA MALIK - LSBA #20280**
3838 N. Causeway Boulevard, Suite 3160
Metairie, Louisiana  70002
Telephone:  (504) 832-7630
Facsimilie : (855) 833-4259
Email: bmalik@travelers.com

*Attorney for Swanson Trucking, Inc. and Northland Insurance Company*.

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 14th day of February, 2022, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participants by United States Mail, properly addressed and postage pre-paid.

  /s/Barbara Malik
**BARBARA MALIK**